(156 App. Div. 457.)

PEOPLE ex rel. CORN HILL REALTY CO. v. STROEBEL, Superintendent
of Buildings.

(Supreme Court, Appellate Division, Fourth Department.  April 30, 1913.)

1. MUNICIPAL CORPORATIONS (§ 192*) — BUILDING DEPARTMENT — DETERMINA-
TION OF SUPERINTENDENT.
    A city's building code and fire limits ordinance provided that no owner
of property should erect any building within the fire limits without a
permit and satisfying the superintendent of buildings that the proposed
building would conform to the requirements of the building code and be
substantial and fireproof in construction, and permitted the construction
of public garages under certain restrictions, and its public garage ordi-
nance made public garages in residence districts unlawful.  Relator, sub-
mitting its proof to the superintendent, did not deny that it was going
to maintain a public garage, and, while plans and vague allegations were
not sufficient to lead him to conclude that the proposed building was to be
used as a public garage, it appeared that adjacent property owners pro-
testing of record understood that it was to be so used.  Held, that the
two ordinances must be considered together and their provisions har-
monized, and that the facts required the superintendent to determine
in advance whether the building was to be used as a public garage, and
were sufficient to sustain his determination that relator intended to erect
and conduct a public garage in violation of the ordinance.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
530–532;  Dec. Dig. § 192.*]

2. LIVERY STABLE KEEPERS (§ 2*)—ORDINANCE—CONSTITUTIONALITY—LOCATION
OF PUBLIC GARAGE.
    An ordinance prohibiting a public garage in a residence district is con-
stitutional.
    [Ed. Note.—For other cases, see Livery Stable Keepers, Cent. Dig. § 2;
Dec. Dig. § 2.*]

Certiorari by the People of the State of New York, on relation of
the Corn Hill Realty Company, to review a decision of William L.
Stroebel, as Superintendent of Buildings of the City of Utica, N. Y.
Determination confirmed, and writ dismissed.

The superintendent of buildings of the city of Utica refused to
issue a permit to the relator to erect a building upon its lands in said
city located within the fire limits, so called; the refusal not being
based upon the fact that such building proposed to be erected did not
comply with the building code and fire limits ordinance, but upon
the ground that when such building was erected it was the intention
and purpose of the relator to conduct, maintain, and use the same as
a public garage in violation of the public garage ordinance of said
city.

Argued before McLENNAN, P. J., and KRUSE, ROBSON,
FOOTE, and LAMBERT, JJ.

G. C. Morehouse, of Utica, for relator.

Seward A. Miller and Charles T. Titus, both of Utica, for respond-
ent.

. McLENNAN, P. J.   [1, 2]  The two ordinances referred to must
be considered together and their provisions harmonized;  otherwise

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the superintendent of buildings of the city of Utica cannot determine in what manner the important duties imposed upon him may be discharged. The building code and fire limits ordinance of the city of Utica are practically the same as exist in all other second-class cities of the state. Their provisions are, in effect, that no owner of property, his lessee or agent, shall erect any building within the fire limits of such city without having obtained a permit so to do and satisfying the superintendent of buildings that such building proposed to be erected will conform in all respects to the requirements of the building code, which means that such building shall be erected so as not to be a menace to the adjoining property, but shall be substantial and fireproof in its construction. Another provision of the charter is to the effect that a building can be constructed for a public garage upon property of the owner, subject to certain conditions and restrictions.

We think that the facts presented to the superintendent of buildings as to the building to be erected by the relator were such as called upon him to determine whether the purpose and use of such building was a public garage, and that he had a right to determine that question as he did in this case. The relator concededly was not fair in submitting its proof to the superintendent. It did not say in words that it was not going to maintain a public garage in violation of the terms of the ordinance; but, on the contrary, the plans submitted to the superintendent and the vague allegations submitted in the petition of the relator were quite insufficient, as it seems to me, to lead the superintendent to conclude that the purpose of such building was that it was to be used as a public garage.

I think that the ordinance preventing such public garage in a residence district is constitutional and valid, and that the only question presented in this case is whether or not the respondent under all the facts and circumstances, should have been compelled to wait until after the building was erected to determine whether there was a public garage to be maintained, conducted, and used in such building. I think that upon all the evidence the superintendent of buildings was justified in concluding that it was the intention and purpose of the relator to erect a building which was to be used, maintained, and conducted in violation of the ordinance prohibiting a public garage from being maintained, conducted, and used under the circumstances in this case.

It appears and is uncontradicted that the adjacent property owners understood that there was to be a public garage maintained by the relator, and their protest appears in the record. It seems to me absurd to say that under the facts in this case it can be held that the superintendent of public buildings did not have sufficient evidence to enable him to say that the purpose of the relator was to erect, maintain, and conduct a public garage in violation of the ordinance. I think that the ordinance is a valid one, and that it ought not to be held that such an ordinance is in violation of the Constitution.

I recommend that the determination made by the superintendent of buildings be confirmed, and the writ dismissed, with $50 costs and disbursements.

Determination of superintendent of buildings confirmed, and writ dismissed, with $50 costs and disbursements. All concur.